# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANNY J. EVANS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 23-626-CFC |
| NEKEYA HARMON, | : |
| Defendant. | : |

Danny J. Evans, James T. Vaughn Correctional Center, Wilmington, Delaware. Pro Se Plaintiff.

## **MEMORANDUM OPINION**

January 16, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

Plaintiff Danny J. Evans, an inmate confined at James T. Vaughn Correctional Center (JTVCC) in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983, naming as the only Defendant Nekeya N. Harmon, a food safety specialist at JTVCC. (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for the purposes of screening. In October 2020, Plaintiff was hired to work in the JTVCC kitchen. Shortly after Plaintiff started, Defendant began speaking to him disrespectfully and aggressively, and manufactured aspects of his performance to criticize. Defendant continued to treat Plaintiff unfairly and cause him problems throughout his time working in the kitchen, including lying that Plaintiff was stealing food. Despite this treatment, Plaintiff received promotions from other supervisory staff based on his performance and was told that Defendant always causes problems. Eventually, in November 2022, Defendant fired Plaintiff from his job in the kitchen after a dispute with Defendant over his meal break during a shift. At the time he filed the Complaint, Plaintiff was still unemployed.

Defendant filed a disciplinary charge based on the encounter, alleging that Plaintiff was disrespectful and had disorderly behavior. Plaintiff alleges that Defendant's statement in the charge included false information. Plaintiff was found guilty without a formal hearing and was sentenced to two days loss of all privileges as a result. His appeal was dismissed.

Plaintiff was then placed in the Solitary Housing Unit (SHU) for 24 days based on Defendant's false statement that he was the lead person trying to stage a walk-out in the kitchen. Plaintiff's confinement to the SHU was imposed without a formal charge and pending an investigation. While in the SHU, he had no recreation time, shower, or access to a telephone during 11 of the days; he had no laundry bag to send out dirty laundry, or extra sheets or blankets during 17 of the days; and he had to spend his recreation time with the "tierman" on 4 of the days.

Plaintiff brings claims for due process based on his termination from kitchen and his time in the SHU without a disciplinary charge. For relief, he requests damages, for Defendant to be removed from her position, for the Court to order an investigation into the participation of other staff members in these events, for the disciplinary action of his employment termination and the institutional investigation to be removed from his record, and for him to be given employment in a different area of the prison.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an

4

entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff has failed to state a due process claim against Defendant. With regard to the termination of Plaintiff's job in the JTVCC kitchen, pursuant to longstanding precedent, Plaintiff did not have a protected liberty interest in that, or any employment position while incarcerated. *See Burrell v. Staff*, 60 F.4th 25, 54 n.8 (3d Cir. 2023) ("'We do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause.'") (quoting *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975)); *see also Maldonado v. Karnes*, 2014 WL 5035470, at *5 (M.D. Pa. Oct. 8, 2014) ("An inmate does not have a protected liberty or property interest in prison employment. The right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right.") (citing *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)).

Turning to Plaintiff's due-process claims against Defendant for her alleged false statements, Plaintiff alleges that her statement in the disciplinary charge led to his loss of all privileges for two days, and that Defendant's statement regarding plaintiff's efforts to lead a kitchen walk-out resulted in 24 days of confinement in the SHU, including no recreation time, shower, or access to a telephone during 11 of the days; no laundry bag to send out dirty laundry, or extra sheets or blankets during 17 of the days; and recreation time spent with the "tierman" on 4 of the days. The Due Process Clause itself "confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State-created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484). In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)).

6

The nature of the test is fact specific. *See Shoats*, 213 F.3d at 144 (eight years in administrative confinement, during which inmate was locked in his cell for all but two hours per week, denied contact with his family, and prohibited from visiting the library or "participating in any education, vocational, or other organization activities," implicated a protected liberty interest); *Smith v. Mensinger*, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven months in disciplinary confinement did not implicate a liberty interest); *Torres v. Fauver*, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for 15 days and administrative segregation for 120 days was not atypical treatment in New Jersey prisons and therefore did not implicate a protected liberty interest).

In this case, the allegations do not establish that the individual sanctions of two days loss of all privileges and 24 days spent in the SHU, including the conditions recited above, constituted "atypical and significant hardships" sufficient to trigger a liberty interest. These periods of confinement were neither atypically long, nor distinct from sanctions imposed on other inmates housed at JTVCC. *See, e.g.*, Coleman v. Metzger, 2020 U.S. Dist. LEXIS 111069, 2020 WL 3452993, at *3 (D. Del. Jun. 24, 2020) (holding that 17 days in segregation at JTVCC did not trigger a liberty interest).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Amendment is futile.

The Court will issue an Order consistent with this Memorandum Opinion.